UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FREDDY WYATT,**

*Plaintiff*,

v.                                                              Case No.  SA-21-CV-00960-JKP

**ALLSTATE VEHICLE AND PROP-
ERTY INSURANCE COMPANY,
BRYAN ANIEKWENA,**

*Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Allstate Vehicle and Property Ins. Co.'s (Allstate) Motion for Partial Dismissal Pursuant to Federal Rule 12(b)(6). *ECF No. 2*. Plaintiff Freddy Wyatt did not file a Response. Also before the Court is Freddy Wyatt's Motion to Remand, to which Allstate filed a Response. *ECF No. 4,5*. Upon consideration, the Court denies Freddy Wyatt's Motion to Remand, dismisses the individual defendant, Bryan Aniekwena, without prejudice, and dismisses Allstate's Motion to Dismiss as moot.

### Factual Background

This case arises from hailstorm damage to Wyatt's residential property. Wyatt reported the damage to Allstate as the holder of a homeowner's insurance policy in effect at the time. Individual Defendant, Bryan Aniekwena was the insurance adjuster working for Allstate who assessed the damage to the property. Dispute arose regarding coverage of the assessed losses under the subject homeowner's insurance policy.

On August 12, 2021, Wyatt filed suit in Texas state court. Allstate filed an Answer to the Original Petition on its own behalf. Aniekwena did not file an Answer. Subsequently, on October 8, 2021, Allstate removed the action to this Court based upon diversity jurisdiction, stating the case involves more than $75,000 in controversy[1], and Aniekwena, an undisputed resident of Texas, was improperly joined to avoid diversity jurisdiction. Attached as an Exhibit to its Notice of Removal filed in this Court, Allstate submitted an Election of Legal Responsibility, in which it elected to accept responsibility for any liability and damages assessed against Aniekwena pursuant to Texas Insurance Code § 542A.006. On the same date, Allstate filed this Motion to Dismiss Pursuant to Federal Rule 12(b)(6). Wyatt did not respond to the Motion to Dismiss, but filed a Motion to Remand.

In the Motion to Remand, Wyatt argues Aniekwena is a proper party even though Allstate accepted all liability for his actions because at the time the suit was filed, he held valid claims against Aniekwena. Wyatt contends the Court must determine the issue of proper joinder, and thereby, diversity jurisdiction, from the posture at the time the suit was filed, not at the time the suit was removed. Consequently, Wyatt contends Allstate's post-suit election of liability for Aniekwena does not create an issue of joinder, and to defeat diversity jurisdiction, Allstate must prove Aniekwena was improperly joined for reasons independent of Allstate's election of responsibility.

Allstate responds Aniekwena was improperly joined because Wyatt failed to state a claim against Aniekwena for which relief can be granted, not merely because Allstate accepted liability for Aniekwena under Texas Insurance Code § 542A.006. Specifically, Allstate contends Wyatt failed to state specific actionable conduct by Aniekwena independent of the generic claims against Allstate. Because there is no actionable claim asserted against Aniekwena, Allstate con-

---

[1] The parties do not dispute the amount in controversy exceeds $75,000.

tends he cannot be considered a proper party for the purpose of determining diversity jurisdiction. For this reason. Allstate contends Aniekwena was improperly joined at the time of the filing of the Original Petition, and necessarily, at the time of removal.

In the Motion for Partial Dismissal, Allstate presents similar argument, contending any cause of action against Aniekwena should be dismissed because Wyatt failed to state an actionable claim against him. Allstate further contends Wyatt's causes of action against Allstate of misrepresentation and for breach of good faith and fair dealing should be dismissed for failure to plead with particularity.

The Court will address the Motion to Remand first, as the issues presented therein pertain to this Court's jurisdiction.

**I.     Motion to Remand**

**Legal Standard**

Generally, a defendant may remove any civil action filed in a state court to which a federal district court has original jurisdiction. 28 U.S.C. § 1441(a). Such removal shall be to the federal district court "embracing the place where such action is pending." *Id*. Particular to this case, federal courts hold original diversity jurisdiction over all civil actions between parties of diverse citizenship when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Parties hold diverse citizenship when no plaintiff is a citizen of the same state as any defendant, and no defendant is a citizen of the forum State. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

To remove a case based on diversity, the removing party must demonstrate all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied. *See* 28 U.S.C. § 1441(b)(2). A district court may not exercise jurisdiction over a suit in which any party has been improperly or collusively joined to manufacture federal diversity jurisdiction. *Id*.; *Small-*

*wood v. Illinois Cent. R. Co.,* 385 F.3d 568, 572 (5th Cir. 2004). Consequently, a case "may not be removed from state court if any properly-joined defendant is a citizen of the state in which the suit is filed. *Smallwood,* 385 F.3d at 572.

The removal statute shall be strictly construed and any ambiguity or doubt as to the propriety of removal should be resolved in favor of remand. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). The removing party has the burden to show federal jurisdiction exists and removal was proper. *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014); *Mumfrey*, 719 F.3d at 397.

**Analysis**

The focus of the parties' arguments with regard to remand is Allstate's post-suit election of legal liability pursuant to Texas Insurance Code § 542A.006. Particularly, the parties dispute whether Allstate's post-suit election of legal liability for Aniekwena creates an issue of proper joinder and whether, to defeat diversity jurisdiction, Allstate must prove Aniekwena was improperly joined for reasons independent of Allstate's election of responsibility.

This Court addressed the issue presented in this Motion to Remand with regard to post-suit election of legal liability under Tex. Ins. Code § 542A.006 in previous decisions with similar facts. *See Koenig v. Unitrin Safeguard Ins. Co.*, No. SA-20-CV-00887-JKP, 2021 WL 51762, at *1-3 (W.D. Tex. Jan. 6, 2021); *Mazhar Footsteps, LLC v. AmGuard Ins. Co.*, No. SA-20-CV-00955-JKP, 2020 WL 7670245, at *1-5 (W.D. Tex. Dec. 24, 2020). In *Mazhar*, as here, the insurer submitted a post-suit election of legal liability with the Notice of Removal. *See Mazhar Footsteps, LLC,* 2020 WL 7670245, at *2.

In these decisions, this Court recognized a split of authority on the effect a post-suit election of legal liability under Texas Insurance Code § 542A.006 has upon determination of proper

joinder, and thereby, determination of diversity jurisdiction. *See Koenig*, 2021 WL 51762, at *3; *Mazhar*, 2020 WL 7670245, at *3. This Court determined the improper-joinder question of whether the plaintiff alleged a plausible claim against a non-diverse defendant must focus on the plausibility at the time of removal, not at the time of filing. *Mazhar*, 2020 WL 7670245, at *3. Following this reasoning, an insurer's post-suit election of legal liability, whether filed in state court or with the Notice of Removal, establishes an impossibility of recovery against the party who is the subject of the election at the time of removal. *Id*. Consequently, this subject non-diverse party must be considered to be improperly joined and its' citizenship must be disregarded for diversity jurisdiction purposes. *See Mazhar*, 2020 WL 7670245, at *3 (following *Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co*., No. SA-19-CV-0773-XR, 2019 WL 6131455 at *11 (W.D. Tex. Nov. 18, 2019)). While other Texas divisions follow the reasoning presented by Wyatt, this Court will adhere to the reasoning in its previous decisions and rule similarly.

The Court considered Wyatt's arguments for remanding this action. However, Wyatt presents nothing to deter the Court from following its previous determination on this issue. Allstate's Election of Legal Responsibility demonstrates Wyatt held no possibility of recovery against Aniekwena at the time of removal. Consequently, Aniekwena is considered to be improperly joined and his citizenship must be disregarded for purposes of determination of diversity jurisdiction. *See Mazhar*, 2020 WL 7670245, at *4.

Aniekwena must be dismissed from suit pursuant to Texas Insurance Code § 542A.006 because Allstate elected to accept any legal liability assessed against him. However, this dismissal does not prevent Wyatt from asserting claims under Chapter 541 of the Texas Insurance Code or preclude Wyatt from implicating Aniekwena in those claims, deposing him, or presenting evidence of his acts or omissions. *See* Tex. Ins. Code § 542A.006(d)-(g). To the extent not other-

wise precluded under the Federal Rules of Evidence, evidence of Aniekwena's acts or omissions may be offered at trial pursuant to Texas Insurance Code § 542A.006(g). As discussed in *Mazhar*, despite § 542A.006 providing "for dismissal with prejudice following an insurer's election," the Fifth Circuit requires an improperly joined party be dismissed without prejudice. *Probasco v. Wal-Mart Stores Tex., LLC*, 766 F. App'x 34, 36 (5th Cir. 2019) (quoting *Int'l Energy*, 818 F.3d at 209), *reh'g denied* (Apr. 24, 2019); *see also Mazhar,* 2020 WL 7670245, at *5 n.4.

Because the Court properly disregards the citizenship of Aniekwena for purposes of diversity jurisdiction, it finds complete diversity exists, and it has subject matter jurisdiction over this action under 28 U.S.C. § 1332. On this basis, the Court denies Wyatt's Motion to Remand and dismisses Aniekwena from this action without prejudice.

## II.     Motion to Dismiss

Allstate moves to dismiss Wyatt's causes of action of misrepresentation and breach of duty of good faith and fair dealing based upon Wyatt's failure to plead with particularity. Wyatt did not file a response to this motion, and the time for doing so expired. However, in his Motion to Remand, in the alternative, Wyatt did seek leave to amend his pleading to address any deficiencies.

### Legal Standard

When a party fails to respond to a motion, this Court may grant the motion as unopposed. W.D. Tex. Civ. R. 7(d)(2). The Court may apply this terminal Local Rule to dispositive motions. *Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15-CV-664-DAE, 2015 WL 7076674, at *2 (W.D. Tex. Nov. 12, 2015); *Hernandez v. Deutsche Bank Tr. Co.*, No. EP-12-CV-282-DB, 2012 WL 12887898, at *2 (W.D. Tex. Aug. 21, 2012). However, at its discretion, a Court may

address the motion on the merits "in the interests of thoroughness." *Suarez*, 2015 WL 7076674, at *2.

Factual allegations supporting fraud or causes of action based in fraud must meet stricter pleading standards under Federal Rule of Civil Procedure 9(b). Federal Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This required particularity for such pleading varies from case to case, but "[a]t a minimum, . . . requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elec., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003), *modified on other grounds*, 355 F.3d 356 (5th Cir. 2003). More precisely, Federal Rule 9(b)'s particularity requirement compels "the who, what, when, where, and how [ ] be laid out." *Id.* at 724. "Claims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to [Federal Rule 9(b)'s] requirements." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F.Supp.2d 734, 742 (S.D. Tex. 1998); *Atascocita Realty, Inc. v. Heritage Ins. Co.*, 4:10-cv-4519, 2012 WL 4052914, at *4 (S.D. Tex. Sept. 13, 2012); *see also Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001).

A court may dismiss any cause of action for which it concludes the plaintiff failed to comply with the particularity-pleading requirement of Federal Rule 9(b); however, the Court "should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.,* 199 F.3d 239, 248 n. 6 (5th Cir. 2000); *Ricupito v. Indianapolis Life Ins. Co.*, 3:09-CV-2389-B, 2010 WL 3855293, at *6 (N.D. Tex. Sept. 30, 2010). Consequently, op-

portunity to amend is appropriate where it appears that more careful or detailed drafting might overcome the deficiencies on which dismissal is based. *Hart,* 199 F.3d at 248 n. 6; *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *Ricupito*, 2010 WL 3855293, at *6.

## Discussion

Given the circumstances of this case, the recent removal from state court, and Wyatt's request for leave to file an amended pleading in his Motion to Remand, the Court, in its discretion declines to grant Allstate's Motion for Partial Dismissal because it is unopposed.

Review of the factual allegations supporting Wyatt's causes of action of misrepresentation and breach of duty of good faith and fair dealing reveals the state-court Petition does not allege facts with sufficient particularity to support these causes of action. Instead, Wyatt asserts merely conclusory allegations and does not plead with particularity what acts or statements Allstate committed or made that misrepresentations or a breach of duty. The factual allegations of misrepresentation relate to Wyatt's basic contention that Allstate wrongfully failed to pay the damage claim pursuant to the policy terms. Such conclusory allegations fail "the who, what, when, where and how" relative to the Allstate's alleged fraudulent representations or concealed material facts. *See Atascocita Realty, Inc.*, 2012 WL 4052914, at *4.

For this reason, the Court finds Wyatt's Original Petition filed in state court fails to meet the pleading requirements of Federal Rule 9(b). *See Frith*, 9 F.Supp.2d at 742; *Atascocita Realty, Inc.*, 2012 WL 4052914, at *4. However, the Court concludes a careful or detailed drafting might overcome the deficiencies on which dismissal may be based, and therefore, opportunity to amend is appropriate. *See Hitt,* 561 F.2d at 608–09; *Ricupito*, 2010 WL 3855293, at *6.

## Conclusion

For the foregoing reasons, the Court **DENIES** Freddie Wyatt's Motion to Remand, and in doing so, **DISMISSES** Defendant Bryan Aniekwena from this action without prejudice.

**The Clerk of Court is directed to terminate Bryan Aniekwena as a party in this case.**

The Court **DENIES** Allstate's Motion for Partial Dismissal, subject to reinstatement or re-urging. Although Wyatt failed to comply with Federal Rule 9(b)'s particularity-pleading requirements, the Court allows Wyatt leave to amend the Complaint. Wyatt shall file an Amended Complaint on or before ten (10) days from the date of this Memorandum Opinion and Order. Should Wyatt fail to file an Amended Complaint on or before this deadline, Allstate's Motion for Partial Dismissal shall be reinstated and granted, in that the causes of action of misrepresentation and breach of duty of good faith and fair dealing shall be dismissed. Should Wyatt's Amended Complaint fail to meet the pleading requirements of Federal Rule 9(b), Allstate may re-urge its Motion to Dismiss on these two causes of action based upon this particular pleading deficiency, only. No other grounds for dismissal under Federal Rules 9(b) or 12(b)(6) will be allowed.

It is so ORDERED.
SIGNED this 3rd day of December, 2021.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE